UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| 1515 EAST UNION CONDOMINIUM ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED NATIONAL INSURANCE COMPANY, *et al.*,<br><br>Defendants. | CASE NO. 2:19-cv-00807-RAJ-JRC<br><br>ORDER GRANTING LEAVE TO AMEND |

This matter has been referred to the undersigned by the District Court, as authorized by 28 U.S.C. § 636(b). *See* Dkt. 10. This matter concerns a dispute over whether defendant insurers must cover water damage that occurred to plaintiff's condominium complex. Plaintiff seeks to amend its complaint to include claims of breach of contract and bad faith failure to provide a formal coverage determination. *See* Dkt. 23. Because plaintiff has shown a good faith belief that they had to wait for a coverage determination before bringing the breach of contract claims and because defendants fail to show substantial prejudice from the amendment, the motion is granted.

ORDER GRANTING LEAVE TO AMEND - 1

**BACKGROUND**

In May 2019, plaintiff brought suit in this matter arising under the Court's diversity jurisdiction against a variety of insurance companies. *See* Dkt. 1, at 1. Plaintiff, a condominium association, alleges that it discovered significant water intrusion and damages at the condominium complex. Dkt. 1, at 4. Plaintiff sought declaratory relief stating that the relevant insurance policies covered the water damage repair and investigation costs. *See* Dkt. 1, at 5.

In August 2019, plaintiff amended the complaint to assert Washington State Consumer Protection Act and "insurance bad faith" claims against defendants United and Penn Star. Dkt. 4, at 6. In the amended complaint, plaintiff alleges that it delayed serving the complaint and entered into tolling agreements with each defendant other than United and Penn Star so that the parties could investigate the claims and come to an amicable claim determination. *See* Dkt. 4, at 5. The basis for plaintiff's additional claims against United and Penn Star was those defendants' alleged failure to enter into tolling agreements. *See* Dkt. 4, at 6.

Subsequently, plaintiff took a voluntary dismissal of all claims except those against defendants United and Penn Star. *See* Dkts. 6, 7. In October 2019, defendants United and Penn Star filed their answers and affirmative defenses. *See* Dkts. 17, 18. In December 2019, the Court entered its pretrial scheduling order. *See* Dkt. 22.

On March 20, 2020—the deadline for amending pleadings—plaintiff requested leave to amend its complaint to include breach of contract claims and additional bad faith claims for failure to provide a final coverage determination. *See* Dkt. 23, at 3. The matter is fully briefed and ripe for decision. *See* Dkts. 23, 25, 26.

**DISCUSSION**

Plaintiff requests leave to amend because the delay was due to allowing defendants time to make a coverage determination and because there will be no undue prejudice to defendants. *See* Dkt. 23. Defendants assert that plaintiff knew in October 2019 that defendants would be denying coverage, so that plaintiff has not acted promptly, and that defendants will suffer prejudice from the delay. *See* Dkt. 25. The parties' arguments are addressed below.

**I. Motion to Amend**

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). "Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires,' and this policy is 'to be applied with extreme liberality.'" *Id.* (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)).

Factors for consideration are whether the movant has shown undue delay, bad faith, or dilatory motive; whether there has been a repeated failure to cure deficiencies by amendments allowed; whether there will be undue prejudice to the opposing party; and whether amendment would be futile. *See id.* at 1052 (internal citation omitted). Prejudice is the touchstone of the inquiry. *Id.* "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* However, "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000).

**II.  No Undue Delay or Bad Faith**

According to defendants, plaintiff became aware of potential water damage to the condominium complex at latest "several months prior to August 2018," when plaintiff commissioned an expert to investigate.  *See* Dkt. 25, at 2; *see also* Dkt. 23, at 3.  Defendants assert that "[i]nstead of tendering a claim for insurance coverage to its property insurers at or around the time [p]laintiff received the [expert] report in August 2018, [p]laintiff waited until May 28, 2019, nine months later, to tender its claim for coverage to [d]efendants, two property insurers that were on the risk from June 2003 to June 2009."  Dkt. 25, at 3.  Out of concern that the limitations period would run, plaintiff filed this lawsuit, which, according to defendants "forced [d]efendants into a situation where they had to learn of and investigate the claim of property damage at the Property within the confines of a lawsuit because [p]laintiff filed this lawsuit on May 28, 2019, *the same day [d]efendants were notified of the claim*."  Dkt. 25, at 3.  Defendants informed plaintiff that the investigation would take more than 30 days to complete.  *Id.*  Defendants further contend that plaintiff knew that defendants were not going to cover the damage in October 2019, when defendants answered plaintiff's complaint.  Dkt. 25, at 4.

Based on this account of the facts, defendants assert that plaintiff acted with undue delay in seeking to amend because it knew from defendants' answers that defendants would deny coverage.  *See* Dkt. 25, at 4.  However, plaintiff asserts that it acted in good faith reliance on case law from this District that a breach of contract claim cannot be brought until there has been a formal denial of coverage.  *See* Dkt. 23, at 8.  Plaintiff cites to *Mainhouse Homeowners Association v. Allstate Insurance Company*, in which this Court ruled that where an insurance company was still investigating whether damage was covered, a breach of contract claim could

1  not be brought because there had been neither a breach nor an anticipatory repudiation. *See* No.
2  C16-1457-JCC, 2017 WL 58840, at *2 (W.D. Wash. Jan. 5, 2017).

3        Defendant does not reply to plaintiff's argument about *Mainhouse Homeowners*
4  *Association*, and the Court finds that plaintiff's arguments establish that it was not acting in bad
5  faith or for the purposes of undue delay in delaying bringing its motion to amend. Relatedly,
6  defendant argues that plaintiff's failure to include these claims in the first amended complaint
7  shows that they unreasonably delayed. *See* Dkt. 25, at 7. However, defendants assert that their
8  answers to the first amended complaint put plaintiff on notice of the denial of coverage, so that
9  this argument is unpersuasive—plaintiff would not have been aware of statements in answers not
10 yet filed when plaintiff filed the amended complaint.

11       Moreover, although defendants make much of plaintiff's failure to request coverage
12 earlier before filing suit, such is not dispositive of whether there was delay in seeking to amend
13 the complaint after the suit had already began. Finally, defendants argue that there will be delay
14 to pretrial deadlines that may result, but these arguments are better considered as reasons that
15 defendants assert prejudice and are addressed below. *See* Dkt. 25, at 6.

16       The Court finds no undue or bad faith delay in seeking to bring these claims.

17     **III. No Undue Prejudice**

18       Defendants argue that they will be prejudiced by the likely delay of existing pretrial
19 deadlines that allowing amendment will cause. *See* Dkt. 25, at 6. Remaining deadlines set by
20 the Court in this matter are for rebuttal expert disclosures (May 11, 2020); a settlement
21 conference deadline (May 27, 2020), the discovery cutoff (July 27, 2020), and the dispositive
22 motions deadline (August 24, 2020). *See* Dkt. 22. Defendants state that a mediation conference
23 was scheduled for April 2020. *See* Dkt. 25, at 6.

24

Although amendment may have some impact on pending deadlines, the Court notes that the claims to be included—breach of contract and bad faith failure to provide a coverage determination—are closely related to plaintiff's existing claims and not likely to require significant additional discovery. Further, this Court has noted that in this context,

> [t]he non-moving party must do more than merely assert prejudice; "'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989). As a corollary, delay alone is not sufficient to establish prejudice, nor is a need for additional discovery. *Amersham* [*Pharmacia Biotech, Inc. v. Perkin–Elmer Corp.,* 190 F.R.D. 644, 648 (N.D. Cal. 2000)]; *In re Circuit Breaker Litig.,* 175 F.R.D. 547, 551 (C.D.Cal.1997).

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015)

As plaintiff points out, defendants' assertions fall short of showing substantial prejudice beyond merely needing additional discovery. *See* Dkt. 25, at 6–7; Dkt. 26, at 6.

Finally, the Court takes judicial notice of the substantial ongoing disruption to Court deadlines and scheduling orders already taking place due to the ongoing COVID-19 outbreak. Under these circumstances, delay due to public health concerns will likely eclipse any delay caused by allowing plaintiff to amend its complaint. Therefore, the Court finds that defendants have not shown substantial prejudice that will result from amendment.

## CONCLUSION

The motion to amend (Dkt. 23) is granted. Plaintiff must file and serve the Second Amended Complaint on all parties within fourteen days of the filing of this Order.

Dated this 8th day of May, 2020.

J. Richard Creatura
United States Magistrate Judge